# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HANCOCK FABRICS, INC., *et al.,*<br><br>                Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 16-10296 (BLS)<br><br>(Jointly Administered) |
| Hancock Fabrics, Inc.,<br>                                Plaintiff,<br><br>vs.<br><br>Singer Sewing Company,<br>                               Defendant. | Adv. No. 18-50256 |

## ANSWER

Defendant Singer Sewing Company ("Singer" or "Defendant"), by its undersigned attorneys, as and for its answer to the complaint ("Complaint") of Hancock Fabrics Inc., the post-effective date debtor (the "Debtor" or "Plaintiff") hereby states as follows[1]:

1.     Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein, except Defendant denies that it received any avoidable or recoverable preferential or fraudulent transfer(s).

2.     Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

3.     Paragraph 3 of the Complaint contains legal conclusions to which no response is required.

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, in accordance with Local Bankruptcy Rule 7008-1, Defendant does not consent to the entry of final orders or judgment by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") if it is determined that the Bankruptcy Court does not have jurisdiction to enter a final judgment or order consistent with Article III of the United States Constitution.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint, and refers to the petitions referenced therein for the contents thereof.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Complaint, and refers to the joint administration order referenced therein for the contents thereof.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 of the Complaint, and refers to the order referenced therein for the contents thereof.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint, and refers to the docket item referenced therein for the contents thereof.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint, and refers to the schedules and disclosure statement referenced therein for the contents thereof.

## THE PARTIES

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint, and refers to the declaration referenced therein for the contents thereof, except Defendant admits that Debtors operated as a retailer in the sewing and textile industry.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. Defendant refers to the Confirmation Order and Plan referenced therein for the contents thereof.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that at times, it sold certain sewing machines and accessories to Plaintiff, and that its principal place of business is located at 1714 Heil Quaker Boulevard, Suite 130, La Vergne, Tennessee 37086-3662. The remainder of Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## FACTUAL BACKGROUND

16. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of the Complaint, and refers to the docket item referenced therein for the contents thereof.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits that Defendant at times provided goods to Plaintiff as evidenced by certain invoices and/or other documents.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except admits that Defendant at times conducted business with Plaintiff.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint, except admits that Plaintiff at times purchased goods from Defendant.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations contained therein, except Defendant denies that it received any avoidable transfer(s).

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein, except admits that Plaintiff made transfer(s) to or for the benefit of Defendant during the Preference Period aggregating to an amount of approximately $298,598.25.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein, except Defendant denies that it received any avoidable or recoverable transfer(s).

## **CLAIMS FOR RELIEF**

### **Answer to Plaintiff's Count I**

29. In responding to Paragraph 29 of the Complaint, Defendant refers to its responses to Paragraphs 1-28 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30, except admits that Plaintiff made transfer(s) to or for the benefit of Defendant during the Preference Period in an aggregate amount of approximately $298,598.25.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

32.     Paragraph 32 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in therein, except admits that Defendant was at times a creditor of Plaintiff and at times supplied goods to Plaintiff, and that Plaintiff was at times obligated to pay Defendant for such goods following delivery thereof.

33.     Paragraph 33 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

34.     Paragraph 34 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein, except admits that Plaintiff at times made transfers to Defendant in satisfaction of antecedent debt.

35.     Paragraph 35 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint, except admits that Transfer(s) were made during the Preference Period.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein, and refers to Plaintiff's schedules and the proofs of claim referenced therein for the contents thereof.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

### Answer to Plaintiff's Count II

39. In responding to Paragraph 39 of the Complaint, Defendant refers to its responses to Paragraphs 1-38 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

> A. Paragraph 40.A contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.
>
> B. Paragraph 40.B contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.
>
> C. Paragraph 40.C contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained therein.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

### Answer to Plaintiff's Count III

42.     In responding to Paragraph 42 of the Complaint, Defendant refers to its responses to Paragraphs 1-41 of the Complaint.

43.     Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

### Answer to Plaintiff's Count IV

46.     In responding to Paragraph 46 of the Complaint, Defendant refers to its responses to Paragraphs 1-45 of the Complaint.

47.     Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

## GENERAL DENIAL

Unless specifically admitted herein, Defendant denies each and every allegation in the Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments may establish a basis therefore, Defendant hereby asserts, as and for separate and additional defenses to Plaintiff's Complaint, that:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the alleged transfers were made in the ordinary course of business or financial affairs of the Plaintiff and the Defendant or made according to ordinary business terms.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that, after the alleged transfers, Defendant gave new value to or for the benefit of the Plaintiff not secured by an otherwise unavoidable security interest, and on account of which new value the Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent the alleged transfers were intended by Plaintiff and Defendant to be a contemporaneous exchange for new value given to Plaintiff and were in fact substantially contemporaneous exchanges.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent Defendant took any allegedly fraudulent transfers for value and in good faith.

WHEREFORE, Defendant respectfully demands judgment in its favor and against Plaintiff as follows:

a. dismissing the Complaint with prejudice;

b. awarding Defendant its costs, expenses, disbursements, and attorneys' fees incurred as a result of the Complaint; and

c. granting such other and further relief to Defendant as the Court may deem just and appropriate.

Dated: May 10, 2018
       Wilmington, Delaware

                        */s/Garvan F. McDaniel*
                        Garvan F. McDaniel (DE #4167)
                        Daniel K. Hogan (DE #2814)
                        HOGAN♦McDANIEL
                        1311 Delaware Avenue
                        Wilmington, DE 19806
                        Telephone: (302) 656-7540
                        Facsimile: (302) 656-7599
                        gfmcdaniel@dkhogan.com
                        dkhogan@dkhogan.com

                              -and-

                        KASOWITZ BENSON TORRES LLP
                        Seth A. Moskowitz
                        Michele L. Angell
                        1633 Broadway
                        New York, NY  10019
                        Telephone:  (212) 506-1700
                        Facsimile:  (212) 506-1800
                        smoskowitz@kasowitz.com
                        mangell@kasowitz.com

                        *Attorneys for Singer Sewing Company*